Entered on Docket
March 31, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 31, 2011



_____
ALAN JAROSLOVSKY
U.S. Bankruptcy Judge
_____

1 EDDIE R. JIMENEZ (CA SBN 231239)
  GABRIEL OZEL (CA SBN 269098)
2 ALEXIS M. BORNHOFT (CA SBN 270200)
  PITE DUNCAN LLP
3 4375 Jutland Drive, Suite 200
  P.O. Box 17933
4 San Diego, CA 92177-0933
  Telephone: (858) 750-7600
5 Facsimile: (619) 590-1385

Attorneys for CITIBANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR6

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SCOTT DAVID DEMARTINI AND CHRISTINA CANDIS DEMARTINI,<br><br><br><br><br><br><br><br>Debtor(s). | Case No. 10-14945-AJ<br><br>Chapter 7<br><br>R.S. No. GO-204<br><br>ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY<br><br>DATE: March 24, 2011<br>TIME: 9:00 AM<br><br>Northern District of California - Santa Rosa Division<br>United States Bankruptcy Court<br>99 South "E" Street<br>Santa Rosa, CA 95404-6524 |

The above-captioned matter came on for hearing on March 24, 2011, at 9:00 AM, upon the Motion of Citibank, N.A., as Trustee for certificateholders of Structured Asset Mortgage Investments II Trust 2007-AR6, Mortgage Pass-Through Certificates, Series 2007-AR6 ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Scott David DeMartini and Christina Candis DeMartini ("Debtors") commonly known as 916 Harold Drive #12, Incline Village, Nevada 89451 (the "Real Property"), which is legally described as follows:

SEE SEE LEGAL DESCRIPTION AS EXHIBIT FOR PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET NUMBER 22.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. The automatic stay of 11 U.S.C. § 362, is hereby terminated as it applies to the enforcement by Movant of all of its rights in the Real Property under Note and Deed of Trust;

2. Movant is authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

3. The 14-day stay provided by Bankruptcy Rule 4001 (a)(3) is not waived;

4. Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

5. Upon foreclosure, in the event Debtors fail to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law; and

6. Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case;

7. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **